J-S62011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DELBERT WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1718 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 16, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010774-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DELBERT RAY WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1719 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 16, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012748-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DELBERT RAY WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1720 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 16, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015771-2004

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
                                       :
              v.                              :
                                       :
                                       :
DELBERT RAY WILLIAMS            :
                                       :
            Appellant                 :      No. 1721 WDA 2018

Appeal from the Judgment of Sentence Entered August 16, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0001388-2005

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:           **FILED FEBRUARY 11, 2020**

      Appellant, Delbert Ray Williams, was a juvenile when he committed the homicide and other crimes at issue in this appeal. He now primarily claims his judgment of sentence for those crimes is illegal under ***Miller v. Alabama***, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), which banned mandatory sentences of life imprisonment without the possibility of parole for juvenile homicide offenders. We disagree, and after considering all of Appellant's claims, we affirm his judgment of sentence.

      Appellant robbed four people at gunpoint over the course of several days in late July and early August of 2004, shooting and killing the last of his victims. He was charged with multiple crimes, including first-degree murder. Following a bench trial, the court convicted Appellant of first-degree murder, four counts of robbery, one count of robbery of a motor vehicle and three counts of criminal conspiracy. The court subsequently sentenced Appellant to,

*inter alia*, the then-mandatory sentence of life imprisonment without the possibility of parole for the first-degree murder charge.

Appellant eventually filed a petition pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-9546, seeking resentencing on the basis of **Miller** and **Montgomery v. Louisiana**, 136 S.Ct. 718, 734, (2016) (holding **Miller** applies retroactively). The PCRA court granted the petition. Following a hearing, the court resentenced Appellant to a term of imprisonment of 50 years to life for the first-degree murder charge and to an aggregate sentence of 20 to 40 years for the robbery and criminal conspiracy charges. The court ordered that all sentences run consecutively. In sum, then, Appellant's total aggregate sentence amounted to a term of imprisonment of 70 years to life.

Appellant now makes a multifaceted argument that this judgment of sentence still runs afoul of **Miller**. In **Miller**, the United States Supreme Court held that the Eighth Amendment prohibits sentencing schemes that mandate life in prison without the possibility for parole for juvenile homicide offenders. 567 U.S. at 479. The Court reasoned that such mandatory sentencing schemes impermissibly fail to take into account the age and age-related characteristics of a juvenile when sentencing him. 567 U.S. at 477-78, 489. The **Miller** Court further held that "states must provide a juvenile convicted of a homicide offense a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation unless the sentencing authority finds that the juvenile is incapable of rehabilitation." **Commonwealth v. Foust**, 180 A.3d

416, 431 (Pa. Super. 2018) (petition for allowance of appeal filed, March 23, 2018).

The ***Miller*** court did not, however, deem all juvenile life sentences without parole unconstitutional. To the contrary, such sentences are still allowed if they are imposed after a full consideration of the age-related factors set forth in ***Miller*** and its progeny. ***Miller***, 567 U.S. at 480, 477-78. Those factors include, *inter alia*, the juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances and extent of his participation in the crime, his emotional maturity, his family, home and neighborhood environment, his drug and alcohol history, his mental health history and his potential for rehabilitation. ***See Commonwealth v. Knox***, 50 A.3d 732, 745 (Pa. Super. 2012).

Appellant first claims this Court should consider his "sentence in the aggregate and hold that a sentence of 70 years to life is a *de facto* life sentence" and is therefore illegal under ***Miller***. Appellant's Brief, at 15. We have previously rejected the very underpinning of this argument. In ***Foust***, we specifically held that each sentence must be considered individually, rather than in the aggregate, when determining whether a sentence constitutes a *de facto* life-without-parole sentence. 180 A.3d at 438. Appellant argues that if this Court were to only consider his individual sentence on the first-degree murder charge of 50 years to life, that sentence alone impermissibly amounts to the *de facto* equivalent of a life-without-parole sentence. In support of his claim, Appellant maintains that because he will not be eligible for parole until

he is 67 years old, he does not, as required by *Miller*, have any meaningful opportunity for release. This claim warrants no relief.

Appellant makes no attempt at discussing any of this Court's 2018 case law addressing similar arguments. This Court has refused to "draw a bright line … delineating what constitutes a *de facto* [life-without-parole] sentence and what constitutes a constitutional term-of-years sentence." *See Foust,* 180 A.3d at 438. However, we recently stated in *Commonwealth v. Bebout*:

> The key factor in considering the upper limit of what constitutes a constitutional sentence, in this narrow context, appears to be whether there is 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' … To be meaningful, or, at least, **potentially** meaningful, it must at least be **plausible** that one could survive until the minimum release date with some consequential likelihood that a non-trivial amount of time at liberty awaits.

186 A.3d 462, 468 (Pa. Super. 2018) (emphasis in original) (footnote and citations omitted).

Applying these principles to the defendant in *Bebout*, we held that the appellant, who had been sentenced to 45 years to life, had not received a *de facto* life-without-parole sentence. We based this on a determination that the appellant did, in fact, have a meaningful opportunity for release because he had the "**potential** to live for several decades outside of prison if paroled at his minimum" when he would be 60 years old. *Id.*, at 469 (emphasis in original).

This Court once again held that a sentence of 45 years to life was not a *de facto* life-without-parole sentence in both ***Commonwealth v. Lekka***, 210 A.3d 343 (Pa. Super. 2019) and ***Commonwealth v. Hernandez***, 217 A.3d 873 (Pa. Super. 2019). In ***Lekka*** and ***Hernandez***, we noted that although the appellant in each case would not be eligible for parole until the age of 62, two years longer than the appellant in ***Bebout***, neither had "shown any significant difference between the ages at the earliest possible point of release that would distinguish his case from ***Bebout***." ***Lekka***, 210 A.3d at 358; ***Hernandez***, 217 A.3d at 879. The same can be said for Appellant, who has failed to discuss or even cite to this Court's holdings in these cases.[1]

While Appellant does cite to selective statistical data regarding life expectancy, he does not identify where this data was made part of the record. Further, Appellant does not address the ***Bebout*** panel's concerns regarding the relevance of this type of statistical analysis. ***See Bebout***, 186 A.3d at 469 (noting that life expectancies fluctuate greatly depending on what specific circumstances are taken into account, and concluding that it is "not immediately apparent how the courts should translate average life expectancy data into" a standard for evaluating whether a given sentence represents a life-without-parole sentence).

---

[1] We recognize that ***Hernandez*** was filed after Appellant submitted his brief, but both ***Bebout*** and ***Lekka*** were filed before.

And while Appellant asserts that he won't have the opportunity to develop a career or raise a family upon release, these assertions do not demonstrate that "there is no plausible chance that [he] could survive until the minimum release date with some consequential potential that a non-trivial amount of time at liberty awaits." **Bebout**, 186 A.3d at 468. As such, under this Court's current case law, Appellant has not established that his sentence constitutes a *de facto* life sentence.[2]

Next, Appellant urges this Court to find that his sentence is illegal under **Miller** because it was imposed without the PCRA court first finding that Appellant is incapable of rehabilitation. This claim also fails.

In **Foust**, this Court specifically held that a "trial court may not impose a term-of-years sentence on a juvenile convicted of homicide if that term-of-years sentence equates to a *de facto* [life-without-parole] sentence unless it finds, beyond a reasonable doubt, that the juvenile is incapable of rehabilitation." 180 A.3d at 433. **Foust**, however, is not applicable to Appellant's case given our determination that his judgment of sentence does not, as our case law now stands, constitute a *de facto* life sentence. As a

---

[2] Our Supreme Court granted allowance of appeal in **Commonwealth v. Felder**, 2017 WL 6505643, -- A.3d -- (Pa. Super. 2017) (unpublished memorandum), *appeal granted*, 187 A.3d 909 (Pa. 2018), to address the question of whether this Court properly determined that a sentence of 50 years to life – the exact sentence imposed on Appellant - does not constitute a *de facto* life sentence.

result, the PCRA court was not obligated to find Appellant incapable of rehabilitation.

Appellant also claims that the trial court's imposition of a mandatory life maximum sentence violates **Miller**.[3] This Court rejected this argument in **Commonwealth v. Ligon**, 206 A.3d 1196 (Pa. Super. 2019). In **Ligon**, we recognized that the Pennsylvania legislature responded to **Miller** by enacting 18 Pa. C.S.A. § 1102.1 ("Section 1102.1"). **See id.**, at 1199 n.3. Section 1102.1 provides that individuals who are convicted for a first-degree murder committed when they were between the ages of fifteen and seventeen years must "be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life." 18 Pa. C.S.A. § 1102.1 (a)(1). Accordingly, we held in **Ligon** that if a court resentencing an appellant pursuant to **Miller** imposes a term-of-years sentence, it is "statutorily required to sentence [the appellant] to a maximum term of life imprisonment." **Ligon**, 206 A.3d at 1200.

We again rejected the same claim advanced by Appellant in **Hernandez**, stating that this Court "has explicitly held that such mandatory maximums [as provided for by Section 1102.1] do not violate the Eighth Amendment's ban on cruel and unusual punishment or the mandates of individualized sentencing." 217 A.3d 873 at 879. Accordingly, **Ligon** and **Hernandez** render Appellant's claim meritless. **See also Commonwealth v.**

_____

[3] Appellant actually makes this argument last in his brief but we have considered it here for ease of discussion.

*Sesky*, 170 A.3d 1105, 1108-09 (Pa. Super. 2017) (holding trial court was required to impose maximum life sentence when it resentenced juvenile defendant convicted of first-degree murder prior to *Miller*).

Appellant also argues that his sentence is illegal because the PCRA court did not consider the age-related factors set forth in *Miller* and its progeny prior to resentencing him. According to Appellant, the PCRA court was required to consider these factors because Section 1102.1 allows for the imposition of a life-without-parole sentence and he therefore potentially faced such a sentence.

This Court recently rejected this very argument in *Lekka*, 210 A.3d 343 (Pa. Super. 2019). In *Lekka*, we specifically held that a trial court is not required to consider the *Miller* factors in cases where the Commonwealth does not seek, and the trial court does not impose, a life-without-parole sentence. *Id.* at 357. Here, the Commonwealth did not seek, nor did Appellant receive, a life-without-parole sentence. Therefore, pursuant to *Lekka*, the PCRA court below was not required to consider the *Miller* factors.

Nonetheless, as the Commonwealth points out in its brief, the PCRA court did discuss the *Miller* factors prior to resentencing Appellant, even though it was not required to do so. *See* N.T. PCRA Hearing, 8/16/18, at 23-25. Appellant acknowledges this in his final claim, essentially arguing that the PCRA court abused its discretion in the *manner* in which it considered those factors. Specifically, Appellant contends that the PCRA court abused its discretion by failing to consider evidence of his rehabilitation in prison and by

basing his sentence on allegedly erroneous conclusions regarding his home life and his history of alcohol and drug use. This claim fails.

When an appellant raises a claim challenging the discretionary aspects of his sentence, this Court will only review that claim if the appellant shows that he filed a timely notice of appeal, properly preserved his claim at sentencing or in a post-sentence motion, included a statement pursuant to Pa.R.A.P. 2119(f) in his brief, and raised a substantial question that his sentence is not appropriate under the Sentencing Code. *See Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). Here, Appellant filed a timely appeal, preserved his claim in a post-sentence motion and included a Rule 2119(f) statement in his brief.[4]

The question remains, therefore, whether Appellant's claim raises a substantial question that the sentence is not appropriate under the Sentencing Code.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2)

---

[4] The PCRA court found that Appellant had waived any claims related to the discretionary aspects of his sentence, ostensibly for failing to raise such claims in his Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). While Appellant's claim is certainly not clearly delineated in his 1925(b) Statement, the Statement does allege that the PCRA court did not properly weigh the *Miller* factors. Given this, we find Appellant's claim to be sufficiently preserved.

contrary to the fundamental norms which underlie the
sentencing process.

*Id*., *quoting* **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)
(internal citations omitted).

Here, Appellant claims, in effect, that the PCRA court did not consider
the evidence he presented related to his rehabilitation and arrived at
conclusions that were inconsistent with the evidence he presented regarding
his home life and his history of drug and alcohol use. This Court has previously
held that claims that a sentencing court failed to consider or did not
adequately consider certain factors do not raise a substantial question
warranting our review. **See, e.g., Commonwealth v. Johnson**, 961 A.2d
877, 880 (Pa. Super. 2008); **Griffin**, 65 A.3d at 936-37.

While Appellant asserts that his claim presents a substantial question
because the court relied on "incorrect factual assertions" in crafting his
sentence, that is simply not the case. Appellant's Brief, at 14. Rather,
Appellant presented evidence at his resentencing hearing about his
rehabilitation, home life and drug and alcohol use and believes that based on
that evidence, the court should have reached different conclusions as it related
to those factors. **See Moury**, 992 A.2d 162, 175 (Pa. Super. 2010) (finding
court's refusal to weigh proposed mitigating factors as appellant wished did
not raise substantial question); **Commonwealth v. Griffin**, 804 A.2d 1, 9
(Pa. Super. 2002) (concluding claim that sentencing court ignored the
appellant's evidence of good behavior in prison and other mitigating
circumstances did not raise substantial question).

Even if we were to find that Appellant's claim raises a substantial question, it offers him no basis for relief. Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lekka*, 210 A.3d 343, 350, *quoting Commonwealth v. Conte*, 198 A.3d 1169, 1176 (Pa. Super. 2018) (citation omitted). In sentencing a defendant, the court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa. C.S.A. § 9721(b).

To that end, the PCRA court stated in its opinion below:

> Despite the apparent waiver by [Appellant] of the right to challenge the discretionary aspect of sentencing, the Court will briefly address its reasons for the sentence imposed. [Appellant] engaged in a multi-day, multi-victim crime wave. He robbed former Pittsburgh Police Commander Gwen Elliot on [July 31], 2004, pointing a gun at her head and stealing her car and her service weapon. Later, in the early morning hours of August 4, 2004, [Appellant] approached two other individuals … and once again, pointed a firearm at their heads and demanded they give him their property. They complied. Finally, approximately twenty-four hours later, he encountered Frank Ogri-

- 12 -

Little in Squirrel Hill, pointed a gun at him and demanded that he turn over his property. Mr. Ogri-Little did not give [Appellant] his backpack and [Appellant] fired as many as eight shots at or into the body of Mr. Ogri-Little, killing him.

[Appellant] received three separate sentences for each incident … Each sentence imposed was within the standard range of the sentencing guidelines. The Court ran them consecutive rather than concurrent … [as] [e]ach incident and each victim deserved to have their crime recognized with a sentence.

Our appellate courts have held that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. **Commonwealth v. Lloyd**, 878 A.2d 867, 873 (Pa. Super. 2005)[remainder of citation omitted].

***

[Appellant] chose to commit criminal acts on three different occasions. He chose to victimize four different people, killing one and threatening to kill the other three. His acts ended one life and changed the lives of three others. His choices have consequences and the consequences are that he will serve time for each of those incidents.

PCRA Court Opinion, 4/25/19, at 8-10. The court also addressed Appellant's potential for rehabilitation at the resentencing hearing, ultimately concluding that Appellant did not have the ability for "meaningful rehabilitation." **See** N.T. PCRA Hearing, 8/16/18, at 25.

Appellant essentially claims that the court placed undue emphasis on the circumstances of his crime, and failed to consider and adequately weigh the evidence he presented about his rehabilitation in prison. This claim is meritless given that, as noted above, the court did consider Appellant's

rehabilitation and that the "balancing of the Section 9721(b) sentencing factors is the sole province of a sentencing judge." **Lekka**, 210 A.3d at 353.

Appellant also disagrees with the PCRA court's conclusion about his potential for rehabilitation, just as he disagrees with the court's assessment that he had a "good home life" and that his history of alcohol and drug use was "really none." N.T. PCRA Hearing, 8/16/18, at 24. According to Appellant, these conclusions contradict the only evidence that was presented regarding those factors at his hearing. That evidence included expert testimony from a forensic psychologist who had evaluated Appellant as well as testimony from Appellant's family members. However, we presume that the court considered the evidence Appellant presented regarding his rehabilitation, home life and history of drug use, just as we presume a sentencing court considers all mitigating evidence presented to it at a sentencing hearing. **See Commonwealth v. Lewis**, 595 A.2d 593, 600 (Pa. Super 1991), *rev'd on other grounds*, 636 A.2d 619 (Pa. 1994) (this Court "will presume that the trial judge considered the evidence of mitigating circumstances presented to him at the sentencing hearing"). Appellant's disagreement with the conclusions the court reached after considering that evidence simply does not amount to a showing that the court committed a manifest abuse of discretion in fashioning his sentence.

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/11/2020